## TIGER v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.   June 22, 1905.)

DISMISSAL ON DEFENDANT'S MOTION—NEW TRIAL.

Where, in an action against a street railway for negligence, a motion to dismiss was granted defendant before plaintiff rested, plaintiff excepting, and plaintiff had shown all the essential facts, except that the motorman was defendant's employé, a new trial must be ordered.

Appeal from Municipal Court, Borough of Manhattan.

Action by William Tiger, by Nathan Tiger, his guardian ad litem, against the Interurban Street Railway Company.   From a judgment for defendant, plaintiff appeals.   Reversed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

Samuel Manheimer, for appellant.

William E. Weaver, for respondent.

PER CURIAM.   The record discloses that, before the plaintiff had rested, the defendant moved to dismiss, and that its motion was granted, the plaintiff excepting.   It seems that at the time of the motion the plaintiff had presented evidence as to all essential facts, except that he had not shown that the motorman was defendant's employé.   Under the circumstances justice seems to require that there be a reversal.

The judgment will be reversed, and a new trial ordered, with costs to appellant to abide the event.